IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM THOMAS PALUMBO, Individually, WILLIAM THOMAS PALUMBO, as Personal Representative of the Estate of TIMOTHY MICHAEL PALUMBO, Deceased, MARY SUZANNE PALUMBO, Individually, | ) ) ) ) ) ) ) | CIVIL NO. 12-00206 HG-BMK CIVIL No. 12-00411 HG-BMK (CONSOLIDATED) |
| Plaintiffs, | ) ) | **ORDER DECLINING TO ADOPT THE MAGISTRATE JUDGE'S MAY 31, 2013 FINDINGS AND** |
| vs. | ) ) ) | **RECOMMENDATION (ECF No. 66) AND** |
| UNITED STATES OF AMERICA; MARY SUZANNE PALUMBO, as Personal Representative of the Estate of NICHOLAS EUGENE PALUMBO, | ) ) ) ) ) | **DENYING THE MOTION FOR FINDING OF GOOD FAITH SETTLEMENT (ECF No. 48) WITHOUT PREJUDICE** |
| Defendants. | ) ) ) | |
| | ) | |
| MARY SUZANNE PALUMBO, as Personal Representative of the Estate of NICHOLAS EUGENE PALUMBO, | ) ) ) ) ) | |
| Plaintiff/Third Party Defendant, | ) ) ) | |
| vs. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant/Third Party Plaintiff. | ) ) ) | |

**ORDER DECLINING TO ADOPT THE MAGISTRATE JUDGE'S MAY 31, 2013**
**FINDINGS AND RECOMMENDATION (ECF No. 66)**
**AND**
**DENYING THE MOTION FOR FINDING OF GOOD FAITH SETTLEMENT**
**(ECF No. 48) WITHOUT PREJUDICE**

The action arises from an aviation accident, resulting in the death of the pilot, Nicholas Eugene Palumbo and his son, Timothy Michael Palumbo.

Nicholas Palumbo's wife, his surviving son, and the Timothy Palumbo Estate brought claims against the Federal Government and the Nicholas Palumbo Estate for negligence (Case No. Civ. 12-00206). The Federal Government, in the same case, filed claims for indemnity and contribution against the Nicholas Palumbo Estate.

The Nicholas Palumbo Estate subsequently filed a separate negligence action against the Government (Case No. Civ. 12-00411). That action was consolidated with Civ. 12-00206.[1]

Plaintiffs and the Nicholas Palumbo Estate seek a finding of good faith settlement of Plaintiffs' claims against the Nicholas Palumbo Estate in Civ. 12-00206. (ECF Nos. 48, 51.) The finding of good faith settlement, pursuant to Haw. Rev. Stat. § 663-15.5,

---

[1]     The ruling in this Order only relates to the Nicholas Palumbo Estate in its Defendant capacity. The term "Plaintiffs," when used in this Order, does not include the Nicholas Palumbo Estate.

would bar the Government's claims against the Nicholas Palumbo Estate for indemnity and contribution.

On May 31, 2013, the Magistrate Judge issued a Findings And Recommendation that the Motion for a Finding of Good Faith Settlement be granted. (ECF No. 66.)

The Government objects to the Magistrate Judge's Findings and Recommendation. (ECF No. 72.)

The Court **DECLINES TO ADOPT** the Magistrate Judge's May 31, 2013 Findings and Recommendation (ECF No. 66). The Motion for Finding of Good Faith Settlement (ECF No. 48), joined by Plaintiffs (ECF No. 51), is **DENIED WITHOUT PREJUDICE**.


**PROCEDURAL HISTORY**


On April 19, 2012, Plaintiffs William Thomas Palumbo, individually and as Personal Representative of the Estate of Timothy Michael Palumbo ("Timothy Palumbo Estate"), and Mary Suzanne Palumbo, individually, filed a Complaint (Civ. No. 12-00206HG-BMK) against the United States of America ("the Government"), alleging negligence. (ECF No. 1.)

On July 20, 2012, Mary Suzanne Palumbo, as Personal Representative of the Estate of Nicholas Eugene Palumbo, ("Nicholas Palumbo Estate") filed a Complaint (Civ. No. 12-

3

00411HG-BMK) against the Government, alleging negligence. (ECF No. 1.)

On October 2, 2012, the two actions (Civ. No. 12-00206HG-BMK and Civ No. 12-00411HG-BMK) were consolidated. (ECF NO. 18.)

On October 25, 2012, the Government filed a Third-Party Complaint against the Nicholas Palumbo Estate, seeking contribution and indemnity. (ECF No. 24.)

On November 1, 2012, Plaintiffs William Palumbo, the Timothy Palumbo Estate, and Mary Palumbo filed an Amended Complaint. The Amended Complaint included negligence claims against the Nicholas Palumbo Estate, brought by the Timothy Palumbo Estate and Mary Palumbo. (ECF No. 27.)

On April 5, 2013, Defendant Nicholas Palumbo Estate filed a Motion for a Finding of Good Faith Settlement Pursuant to Haw. Rev. Stat. § 663-15.5 (ECF No. 48), regarding a settlement agreement that it had reached with Plaintiffs William Palumbo, Mary Palumbo, and the Nicholas Palumbo Estate. The Motion (ECF No. 48) was joined by William Palumbo, the Timothy Palumbo Estate, and Mary Suzanne Palumbo. (Motion for Joinder, Apr. 9, 2013, ECF No. 51.)

On April 26, 2013, the Government filed an Opposition. (ECF No. 61.)

On May 2, 2013, Plaintiffs William Palumbo, Mary Suzanne Palumbo, and the Nicholas Palumbo Estate filed a Reply in support of the Motion for Good Faith Settlement. (ECF No. 63.)

On May 3, 2013, Defendant Nicholas Palumbo Estate filed a Reply, also in support of the Motion for Good Faith Settlement. (ECF No. 64.)

On May 17, 2013, a hearing on the Motion for Good Faith Settlement was held before the Magistrate Judge. (ECF No. 65.)

On May 31, 2013, the Magistrate Judge issued a Findings and Recommendation that the Nicholas Palumbo Estate's Motion for Good Faith Settlement and Plaintiffs' Joinder to that Motion be Granted. (ECF No. 66.)

On June 14, 2013, the Government filed Objections to the Magistrate Judge's Findings and Recommendation, seeking a denial of the Motion for Good Faith Settlement. ("Objections," ECF No. 72.) The Government, in the alternative, requests that if the Court is inclined to accept or modify the Magistrate Judge's recommendation, that the ruling on the Motion be stayed pending discovery regarding the assets of Nicholas Palumbo Estate. (Id. at pgs. 4-5.) The Government requests a hearing on the matter. (Id. at pg. 2.)

On June 24, 2013, Plaintiffs William Palumbo, Mary Palumbo, and the Timothy Palumbo Estate filed a Response to the Government's Objections. (ECF No. 73.)

On June 25, 2013, the Nicholas Palumbo Estate also filed a Response to the Government's Objections. (ECF No. 74.)

The Court finds it appropriate to decide the matter without a hearing, pursuant to Local Rule 74.2(d).

## STANDARD OF REVIEW

Title 28 U.S.C. § 636(b)(1)(B) permits a district court judge to designate a magistrate judge to determine matters pending before the court and to submit a findings and recommendation to the district court judge. Any party may object to a magistrate judge's findings and recommendation, pursuant to Local Rule 74.2.

The district court judge shall make a de novo determination of those portions of the findings and recommendation to which a party properly objects and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C). De novo review means that the district court judge does not defer to the magistrate judge's ruling, "but freely considers the matter anew, as if no decision had been rendered below." Dawson v. Marshall, 561 F.3d 930, 933 (9th Cir. 2009)(quoting United States v. Silverman, 861 F.2d 571, 576 (9th Cir. 1988)). The district court need not hold a de novo hearing, so long as it arrives at its own independent

conclusions about those portions of the magistrate judge's findings or recommendation to which a party objects. <u>United States v. Remsing</u>, 874 F.2d 614, 616 (9th Cir. 1989).

## <u>ANALYSIS</u>

The action arises from an aviation accident, which resulted in the death of the pilot Nicholas Eugene Palumbo and his son, Timothy Michael Palumbo.

Mary Suzanne Palumbo (Nicholas Palumbo's wife), William Thomas Palumbo (Nicholas Palumbo's son), and the Timothy Michael Palumbo Estate (collectively "Plaintiffs") filed negligence claims against the Government and the Nicholas Eugene Palumbo Estate. (Case No. Civ. 12-00206). The Federal Government, in the same case, filed claims for indemnity and contribution against the Nicholas Palumbo Estate.

Plaintiffs and the Nicholas Palumbo Estate seek a finding of good faith settlement of Plaintiffs' claims against the Nicholas Palumbo Estate. (ECF Nos. 48, 51.) The finding of good faith settlement, pursuant to Haw. Rev. Stat. § 663-15.5, would bar the Government from pursuing its claims for indemnity and contribution against the Nicholas Palumbo Estate.

On May 31, 2013, the Magistrate Judge issued a Findings and Recommendation that the Motion for Good Faith Settlement, and Plaintiffs' Joinder in the Motion, be Granted. (ECF No. 66.)

The Government objects to the Magistrate Judge's Findings and Recommendation and seeks the denial of the Motion for Good Faith Settlement. The Government, in the alternative, seeks that the Court delay ruling on the Motion until additional discovery into the solvency of the Nicholas Palumbo Estate is conducted.

## A.   Hawaii's Good Faith Settlement Statute

Hawaii's Good Faith Settlement Statute, Haw. Rev. Stat. § 663-15.5 provides that a good faith settlement (1) discharges the settling party of liability for contribution to joint tortfeasors and (2) reduces a plaintiff's claims against joint tortfeasors by the "amount stipulated to in the release, dismissal, or covenant, or in the amount of the consideration paid for it, whichever is greater." Haw. Rev. Stat. § 663-15.5(a). A determination by the court that a settlement was made in good faith bars other joint tortfeasors from any further claims against the settling tortfeasor for contribution or indemnity. Haw. Rev. Stat. § 663-15.5(d).

A party must petition the court for a hearing on the issue of whether a settlement was made in good faith, and notify all known joint tortfeasors. A non-settling party may file an

objection, and bears the burden of proving a lack of good faith. Haw. Rev. Stat. § 663-15.5(b).

The Hawaii Supreme Court adopted the "totality of the circumstances" approach for determining whether a settlement was made in good faith, pursuant to Haw. Rev. Stats. § 663-15.5. Troyer v. Adams, 77 P.3d 83 (Haw. 2003). The Hawaii Supreme Court determined that the approach promotes the policy of that Good Faith Settlement Statute, by encouraging settlements, while providing the court "with an opportunity to prevent collusive settlements aimed at injuring the interests of a non-settling tortfeasor." Id. at 110.

Courts may consider the following factors, to the extent that they are known at the time of settlement, to determine if a settlement is made in good faith:

> (1) the type of case and difficulty of proof at trial, e.g., rear-end motor vehicle collision, medical malpractice, product liability, etc.; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

77 P.3d at 111. The factors provided by the Hawaii Supreme Court in Troyer are not exclusive. A court may consider any factor that

9

is relevant to determining whether a settlement is made in good faith. Id.

A court may rely on affidavits and declarations submitted with the petition and the objections, or receive evidence at a hearing, to determine if a settlement was made in good faith. Haw. Rev. Stat. § 663-15.5(c).


**B.   The Magistrate Judge's May 31, 2013 Findings and Recommendation**

On May 31, 2013, the Magistrate Judge issued a Findings and Recommendation that the Court grant Nicholas Palumbo Estate's Motion for Good Faith Settlement, joined by Plaintiffs. (ECF No. 66.) The Magistrate Judge determined that the factors, set forth in Troyer v. Adams, 77 P.3d 83 (Haw. 2003), weighed in favor of a finding of good faith settlement, pursuant to Haw. Rev. Stat. § 663-15.5.

The Magistrate Judge found that no evidence of collusion or wrongdoing existed. Plaintiffs settled their suit against the Nicholas Palumbo Estate for $100,000, the limit of the Nicholas Palumbo Estate's insurance policy. The Magistrate Judge further found that Nicholas Palumbo's liability was not so clear as to negate settlement or indicate bad faith as to the settlement amount. The Magistrate Judge also found that the settlement simplifies the issues for trial. (ECF No. 66.)

10

The Government had objected to a finding of good faith settlement on multiple grounds, including that such a finding would be premature. The Government claimed that the finding required additional discovery regarding the assets of the Nicholas Palumbo Estate.

The Magistrate Judge denied the Government's request for time to conduct discovery on the solvency of the Nicholas Palumbo Estate, as the request was made at oral argument instead of the briefs. (Findings and Recommendation at pg. 7, ECF No. 66.)

The Magistrate Judge's May 31, 2013 Findings and Recommendation, if accepted, eliminates the Government's claims for indemnity and contribution against the Nicholas Palumbo Estate, pursuant to Haw. Rev. Stat. § 663-15. The Government, if found negligent, would then potentially face sole liability for the alleged $9.5 million in damages, except for a $100,000 reduction in liability, rather than sharing joint and several liability with the Nicholas Palumbo Estate. Haw. Rev. Stat. § 663-15.5(a)(2).


**C.   The Court Declines to Adopt the Magistrate Judge's May 31, 2013 Findings and Recommendation and Denies the Motion for a Finding of Good Faith Settlement**

The good faith provision of Haw. Rev. Stat. § 663-15.5 is intended "to provide the court with an opportunity to prevent collusive settlements aimed at injuring the interest of a non-

11

settling tortfeasor." <u>Troyer v. Adams</u>, 77 P.3d 83, 110 (Haw. 2003). A court must determine whether a settlement is in good faith in light of the totality of the circumstances. A court may consider any factor that is relevant to whether a settlement has been given in good faith. <u>Id.</u> at 111.

### 1. The Government's Objections to the Magistrate Judge's Findings and Recommendation

The Government, in objecting to the Magistrate Judge's Findings and Recommendation, claims that the following factors weigh against granting the motion:

> (1) Plaintiffs are seeking a sizeable damages award in excess of $9,000,000 from the United States; (2) Pilot Nicholas Palumbo has a significant level of fault in causing the accident, if not the entirety of the fault, given that he was flying the airplane under Visual Flight Rules when he hit the mountain; (3) the settlement amount, $100,000, is small compared to the sizeable damages Plaintiffs seek; (4) although Plaintiffs claim the settlement is for insurance policy limits, it is likely the Estate of Nicholas Palumbo has assets that could be used for payment of claims; and (5) the circumstances of the settlement are conducive to collusion and injury to the interests of the United States given the familial relationship between William Palumbo and Mary Suzanne Palumbo and the interest they both have in preserving the assets of the Estate of Nicholas Palumbo.

(Objections at pg. 8, ECF No. 72.)

12

2.   **The Low Settlement Amount and Possibility of Disproportionate Liability are Relevant Factors Weighing Against a Finding of Good Faith Settlement**

The settlement of $100,000 is minimal in comparison to Plaintiffs' claimed damages of over $9,000,000. The Government, if found negligent, could be liable for an extremely disproportionate share of the damages.[2]  Although the settlement is for the maximum amount of the Nicholas Palumbo Estate's insurance policy, the Parties dispute whether the Estate has other assets that may be used to satisfy the claims.

The Settling Parties contend that, pursuant to Hawaii law, the settlement amount and proportionate liability is not relevant to determining whether a settlement is made in good faith. (Nicolas Palumbo Estate's Response at pg. 1, ECF No. 74.) The Settling Parties rely on the Hawaii Supreme Court's rejection of the "proportionate liability" test for determining a good faith settlement, which would require "mini-trials" to determine the parties' probable liability before approving settlement. Troyer, 77 P.3d at 110-111. The Settling Parties also attempt to support their claim by relying on the legislative intent behind the Good

---

[2]    Joint tortfeasors are jointly and severally liable for damages involving injury or death to persons. Haw. Rev. Stat. § 663-10.9(1). If an individual's degree of negligence is less than twenty-five percent, liability for non-economic damages is limited to the actual degree of negligence. Haw. Rev. Stat. § 663-10.9(3).

13

Faith Settlement Statute, to encourage settlement, rather than focusing on equitable apportionment.

Hawaii law does not appear to require such a limited inquiry. The "totality of circumstances" approach, adopted in Troyer, permits consideration of proportionate liability and the settlement amount. The Hawaii Supreme Court held that the "totality of circumstances" test, as set forth in Troyer, permits courts to "police collusive settlements that unfairly saddle one tortfeasor with a disproportionate share of liability, by enabling the trial court to consider the potential proportionate liability of the parties in cases where such determinations are appropriate." Brooks v. Dana Nance & Co., 153 P.3d 1091, 1099 (Haw. 2007)(quoting Troyer, 77 P.3d at 108).

The Hawaii Supreme Court, in opting for the "totality of the circumstances" test over the "proportionate liability" test, held that the former was better equipped to determine whether a settlement was made in good faith. Troyer, 77 P.3d at 110-111. The Court explained that the "totality of the circumstances" approach allows an accurate determination of a good faith settlement, including cases in which the settlement amount is not the "prime badge" of bad faith. Id. at 108, 111 (Haw. 2003)("[T]he price of a settlement alone rarely appears to be the outcome-dispositive factor."). A court is not required to

consider proportionate liability in every case. <u>Brooks</u>, 153 P.3d at 1099.

The Court finds that the low settlement amount, in relation to the possible liability of the Nicholas Palumbo Estate, weighs heavily against finding a good faith settlement.

### 3.   The Settling Parties' Familial Relationship Raises the Issue of Collusion

The Settling Parties contend that their familial relationship should not weigh against a finding of good faith. They claim that the settlement was an arms-length transaction conducted by an attorney for the Nicholas Palumbo Estate's insurance policy, even though Mary Palumbo is both a Releasor of a claim and the representative of the Releasee, the Nicholas Palumbo Estate. The Settling Parties also rely on the Plaintiffs' initial refusal to accept the tender of the policy limit as evidence of a good faith settlement.

A familial relationship may be evaluated in determining if a settlement is conducive to collusion, although there is no per se rule that settlement between family members in a lawsuit cannot be reached in good faith. <u>Troyer</u>, 77 P.3d at 111 ("[B]ad faith settlements have involved the shielding of family member from a cross-claim . . . A totality of the circumstances approach is better suited to addressing these kinds of problems than a strict "proportionate liability" test.") Actual evidence of collusion

15

need not be presented to prevent a finding of good faith
settlement. <u>Durham v. Cnty. of Maui</u>, NO. 08-00342 JMS-LEK, 2010
WL 3431128, at *3 (D. Haw. Aug. 31, 2010).

In <u>Durham v. County of Maui</u>, the district court twice denied
an estate's petition for good faith settlement, based in part, on
the parties' familial relationship being conducive to collusion
and injury to the interests of the non-settling tortfeasor. In
<u>Durham</u>, a car accident caused the death of the driver and his
daughter, and severely injured another daughter. The mother filed
"friendly suits" on behalf of her daughters and against the
Father's Estate, which she represented in the action and served
as administrator. The Court held that, although the injured
daughters were appointed guardians ad litem, the close familial
relationship and conflicting roles of mother were conducive to
collusion. <u>Durham v. Cnty. of Maui</u>, CIV 08-00342 JMS-LEK, 2010 WL
3431128, at *3 (D. Haw. Aug. 31, 2010).

The Court finds that the familial relationship between
William Palumbo and Mary Palumbo and the interest they both have
in preserving the assets of the Nicholas Palumbo Estate, of which
Mary Palumbo is the representative, is conducive to collusion.
Although good reasons may exist for settling, Plaintiffs brought
suit against the Nicholas Palumbo Estate after the Government
filed its claim for contribution and indemnity. At this time, it
appears the settlement is conducive to protecting the assets of

the Nicholas Palumbo Estate, to which Plaintiffs are
beneficiaries. Further discovery is necessary to clarify the
issue.

### 4. The Totality of the Circumstances Weigh Against a Finding of Good Faith Settlement at This Time

The circumstances of Plaintiffs' settlement with the
Nicholas Palumbo Estate are similar to those found to be
conducive to collusion in the case of <u>Durham v. County of Maui</u>.
The court in <u>Durham</u> held that the following facts specifically
weighed against a finding of good faith settlement: (1) the
sizeable damages award sought by Plaintiffs; (2) Plaintiffs
possibility of success at trial; (3) the possibility that the
settling tortfeasor may have been significantly at fault in
causing the accident; (4) the small amount of the damages award
compared to the sizeable damages sought by Plaintiff; (5) the
assets of settling tortfeasor's estate could be used for payment
of claims; and (6) the familial relationship between the settling
parties was conducive to collusion. <u>Durham v. Cnty. of Maui</u>, No.
08-00342 JMS-LEK, 2010 WL 3431128, at *3 (D. Haw. Aug. 31, 2010).

The case before the Court here similarly involves a small
settlement amount compared to a sizeable request for damages by
Plaintiffs, a familial relationship between the Settling Parties,
a possibility of Plaintiffs' success at trial, and a possibility
that the settling tortfeasor may have been at fault.

17

The court finds the Government has met its burden of showing that the circumstances of the settlement here are sufficiently conducive to collusion, as to require further discovery into the assets of the Nicholas Palumbo Estate. The solvency of the estate is relevant to determine if a settlement is made in good faith. See Durham v. Cnty. of Maui, CIV 08-00342 JMS-LEK, 2010 WL 3431128, at *3 (D. Haw. Aug. 31, 2010)(discovery revealing additional assets of settling estate weighed against a finding of good faith); Troyer, 77 P.3d at 109-110 (intent of the Hawaii Good Faith Settlement Statute is to prevent collusive settlements aimed at injuring the non-settling joint tortfeasor).

Plaintiffs are seeking approximately $9.5 million dollars stemming from an accident for which Nicholas Palumbo may have a considerable degree of fault. If the Nicholas Palumbo Estate has assets, other than those presently known by the Government, those assets could be used for a settlement. The fact that the assets of the Nicholas Palumbo Estate are effectively already benefitting Plaintiffs is not a consideration under Troyer.

The Court finds that, at this time, it is appropriate to deny the Motion for a finding of good faith settlement. The Court **DECLINES TO ADOPT** the Magistrate Judge's May 31, 2013 Findings and Recommendation to Grant the Motion for Finding of Good Faith Settlement (Doc. 66).

18

A finding of good faith settlement may be appropriate once further discovery is conducted into the assets of the Nicholas Palumbo Estate. The Parties are in the process of conducting such discovery. (See ECF No. 75.) The Motion for Finding of Good Faith Settlement (Doc. 48) is **DENIED WITHOUT PREJUDICE**. The Parties may file a Second Motion for Finding of Good Faith Settlement once discovery regarding the assets of Nicholas Palumbo's Estate is completed or some other factor arises that impacts the analysis for determining whether a settlement was made in good faith.

## CONCLUSION

The Court, upon review of the totality of the circumstances, finds that the Government has carried its burden in objecting to the finding of a good faith settlement between Plaintiffs and the Nicholas Palumbo Estate.

The Court **DECLINES TO ADOPT** the Magistrate Judge's May 31, 2013 Findings and Recommendation to Grant the Motion for Finding of Good Faith Settlement (Doc. 66).

//

//

//

//

19

The Motion for Finding of Good Faith Settlement (Doc. 48), and Plaintiffs' Joinder in the Motion (Doc. 51), is **DENIED WITHOUT PREJUDICE**. The Parties may file a Second Motion for Finding of Good Faith Settlement once discovery regarding the assets of the Nicholas Palumbo's Estate is completed or some other factor arises that impacts the analysis for determining whether a settlement was made in good faith.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 17, 2013.



_/s/ Helen Gillmor_
Helen Gillmor
Senior United States District Judge

---

WILLIAM THOMAS PALUMBO, Individually; WILLIAM THOMAS PALUMBO, as Personal Representative of the Estate of TIMOTHY MICHAEL PALUMBO, Deceased; MARY SUZANNE PALUMBO, Individually vs. UNITED STATES OF AMERICA; MARY SUZANNE PALUMBO, as Personal Representative of the Estate of NICHOLAS EUGENE PALUMBO, CV 12-00206HG-BMK, 12-00411HG-BMK; **ORDER DECLINING TO ADOPT THE MAGISTRATE JUDGE'S MAY 31, 2013 FINDINGS AND RECOMMENDATION (ECF No. 66) AND DENYING THE MOTION FOR FINDING OF GOOD FAITH SETTLEMENT (ECF No. 48) WITHOUT PREJUDICE.**